# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NEW ENGLAND HEALTH CARE EMPLOYEES | : | CIVIL ACTION NO. |
|   PENSION FUND | : | |
|       AND | : | 3:18-CV-00971 (AVC) |
| NEW ENGLAND HEALTH CARE EMPLOYEES | : | |
|   WELFARE FUND | : | |
|       AND | : | |
| THE NEW ENGLAND HEALTH CARE | : | |
|   EMPLOYEES UNION, DISTRICT 1199 & THE | : | |
|   CONNECTICUT NURSING HOMES TRAINING | : | |
|   AND UPGRADING FUND | : | |
|       Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| REGALCARE MANAGEMENT GROUP, LLC, | : | |
|       AND | : | |
| FAIRVIEW HEALTH OF GREENWICH, LLC | : | |
|     DBA REGALCARE OF GREENWICH | : | |
|       AND | : | |
| FAIRVIEW HEALTH OF SOUTHPORT, LLC | : | |
|     DBA REGALCARE OF SOUTHPORT | : | |
|       Defendants. | : | August   27, 2018 |

## REPORT ON PARTIES PLANNING CONFERENCE

Date Complaint Filed:     June 11, 2018

Date Complaint Served:     By Notice of Lawsuit and Request For Waiver of Service of Summons returned executed (Doc. 8).

Date of Defendant's Appearance:     June 27, 2018 (Doc. 7)

     Pursuant to Fed. R. Civ. P.16(b), 26(f) and D. Conn. L. Civ. R. 38, the following attorneys of record conferred for the purposes described in Fed. R. Civ. 26(f):

| | |
|---|---|
| Michael E. Passero, Esq. | Patrick M. Noonan, Esq. |
| Law Firm of John Creane | Donahue, Durham & Noonan, P.C. |
| 92 Cherry St., P.O. Box 170 | 741 Boston Post Rd. |
| Milford, CT 06460 | Guilford, CT 06437 |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |

**I.**     **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the proposed case management plan, described below. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.**     **Jurisdiction**

*Subject Matter Jurisdiction*.   The subject matter jurisdiction of this court is invoked pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e).

*Personal Jurisdiction*.   Personal jurisdiction is not contested.

**III.**     **Brief Description of Case**

A.     *Claims of Plaintiffs*:    Plaintiffs New England Health Care Employees Pension Fund, New England Health Care Employees Welfare Fund and New England Health Care Employees Union, District 1199 & The Connecticut Nursing Homes Training and Upgrading Fund (the "Funds") are Taft-Hartley multiemployer trust funds established pursuant to written Declarations and Agreements of Trust in accordance with the provision of Section 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. §185(c)(5).   Plaintiff Pension Fund is an employee pension benefit plan within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).   Plaintiffs Welfare Fund and Training Fund are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

2

Defendants are parties to collective bargaining agreements (CBAs) with the New England Health Care Employees Union, District 1199, SEIU, pursuant to which they are obligated to make monthly payments to Plaintiff Funds for all bargaining unit employees covered by the CBAs.

As of March, 2018, defendants ceased required making monthly contribution payments to plaintiffs Pension Fund and Training Fund for all facilities and as of the date of this Report are six months delinquent.   The current outstanding debt exceeds $500,000 and defendants' delinquency to the two Funds is increasing by approximately $100,000 per month.   Plaintiff Pension Fund's obligation to defendants' employees continues despite defendants' delinquency and threatens the actuarial soundness of plaintiff Pension Fund should this debt go unpaid and continue to accrue. As a result of delinquency to the Training Fund, benefits have been suspended and employees have become personally liable for tuition costs and other educational related expenses that would otherwise be covered by the Training Fund but for defendants failure to make the monthly contribution payments.

Defendants have also been intermittently delinquent in their monthly contribution payments to the Welfare Fund for various facilities.   As a result, defendants' employees have been intermittently without the health care coverage that is promised under the CBAs.

Additionally, the Funds' independent auditor conducted a payroll audit of two of defendants' facilities which disclosed a contribution delinquency for the audit period.

Defendants' currently owe plaintiff Funds over $500,000.   Defendants do not dispute the delinquent monthly payments, but dispute the amounts.   Defendants' contribution payments are calculated from payroll reports provided by defendants.   Defendants have never claimed that Plaintiff Funds' calculation method was incorrect.

3

Plaintiffs claim an entitlement to any unpaid contributions, plus interest, penalties, attorney fees and costs.

      B.      *Defenses and Claims (Counterclaims, Third-Party Claims, Cross-Claims) of Defendants:*

The defendant RegalCare Management Group, LLC is not a proper defendant since it is not a party to the collective bargaining agreements, nor is it an "employer" or "party in interest" as those terms are defined in ERISA.   The remaining defendants agree that some payments are owed to the plaintiffs, but dispute that the amounts claimed in the complaint are accurate.

      C.      *Defenses and Claims of Third-Party Defendant(s):*

There are no third party defendants in this action.

## IV.    Statement of Undisputed Facts

1.      Plaintiff Pension Fund is an employee pension benefit plan within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).   Plaintiffs Welfare Fund and Training Fund are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

2.      Defendant Fairview Health of Greenwich, LLC, dba RegalCare of Greenwich ("Fairview Greenwich") is an "employer" and "party in interest" as the terms are defined in Section 3(5) and (14) of ERISA, 29 U.S.C. §1002(5).   Defendant Fairview Greenwich is located at 1188 King Street, Greenwich, CT 06830.

3.      Defendant Fairview Health of Southport, LLC, dba RegalCare of Southport ("Fairview Southport") is an "employer" and "party in interest" as the terms are defined in Section 3(5) and (14) of ERISA, 29 U.S.C. §1002(5).   Defendant Fairview Southport is located at 930 Mill Hill Terrace, Southport, CT 06890.

4.    With the exception of RegalCare Management Group, LLC, Defendants are parties to collective bargaining agreements, as defined in Section 301(a) of LMRA, 29 U.S.C. §185(a) and Section 515 of ERISA, 29 U.S.C. §1145, with the New England Health Care Employees Union, District 1199, SEIU ("District 1199") covering bargaining units of employees at Defendants' facilities.

5.    By virtue of the collective bargaining agreements, Defendants, with the exception of RegalCare Management Group, LLC, are obligated to make monthly payments to Plaintiff Funds of a stated percentage of the previous month's gross payroll for bargaining unit employees covered by the collective bargaining agreements.

V.    Case Management Plan

A.    *Standing Order on Scheduling in Civil Cases.*    The parties request a modification of the deadlines in the Court's Order On Pretrial Deadlines in accordance with this Case Management Plan.

B.    *Scheduling Conference With the Court.*    The parties request a pretrial scheduling conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.    *Early Settlement Conference.*

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement discussions are ongoing between the parties.

2.    The parties request an early settlement conference.

3.    The parties request a settlement conference with the presiding judge or a magistrate judge, whoever can schedule it sooner.

5

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.      *Joinder of Parties and Amendment of Pleadings.*

1.      Plaintiffs will file a motion to amend the complaint and to join four other individual RegalCare nursing facilities, to address defendants' claim that RegalCare Management Group, LLC is not a proper defendant.

2.      Defendant will not file motions to join additional parties. The Complaint was answered August 13, 2018.   (Doc. 11).

E.      *Discovery.*

1.      The parties anticipate that discovery will be needed on the following subjects:

a.      Plaintiffs do not anticipate the need for discovery at this time.

b.      Defendant anticipates that discovery will be needed on the following subjects: the amounts the plaintiffs claim are due under the collective bargaining agreements, the methodology used to calculate the amounts claimed by the plaintiffs, the documentation supporting the plaintiff's calculations, and the identities of all persons involved in the calculations.

(Note:   The parties reserve the right to conduct all relevant and material discovery and reserve the right to object to the foregoing.   Such categories are only representative of the key areas for discovery anticipated by the respective parties at this time.)

2.      All fact discovery will commence immediately and be completed by November 10, 2018.

3.      Discovery will be conducted in phases, with expert disclosure to follow completion of fact discovery.

6

4.      Plaintiffs do not anticipate the need to depose fact witnesses.   Defendants expect to depose witnesses who have participated in calculating the amounts of money claimed by the plaintiffs.   Depositions will be completed by November 10, 2018.

5.      The parties do not anticipate the need to request permission to serve more than 25 interrogatories. The parties will serve interrogatories and requests for production no later than September 12, 2018 and compliance shall be made no later than October 12, 2018.

6.      Plaintiffs do not anticipate the need to call expert witnesses.

7.      Defendants cannot determine whether they need to call expert witnesses until fact discovery has been completed, since at this point the defendants do not know the basis for the plaintiff's calculation of damages.   Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) no later than December 30, 2018.   Depositions of such experts will be completed by February 15, 2019.

8.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by October 1, 2018.

9.      Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

7

10.     Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.

F.      *Dispositive Motions*.

Dispositive motions will be filed on or before   March 15, 2019.

G.      *Joint Trial Memorandum*.

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed no later than thirty (60) days after the close of discovery or, if a Motion For Summary Judgment is filed, within thirty (30) days of the date of the Court's ruling on any such motion.

## VI.     **Trial Readiness**

This case will be ready for trial thirty (30) days from the required date for the filing of the Joint Trial Memorandum.

As officers of the Court, the undersigned counsel agree to cooperate with each other and

the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS
NEW ENGLAND HEALTH CARE EMPLOYEES PENSION FUND, NEW ENGLAND HEALTH CARE
EMPLOYEES WELFARE FUND and NEW ENGLAND HEALTH CARE EMPLOYEES UNION, DISTRICT
1199 & CONNECTICUT NURSING HOMES TRAINING AND UPGRADING FUND

Dated:   August 27, 2018

By:     /s/ Michael E. Passero
        Michael E. Passero, ct11707
        Law Firm of John M. Creane
        92 Cherry St., P.O. Box 170
        Milford, CT   06460
        (203) 878-2419 (voice)
        (203) 878-6021 (facsimile)
        mpassero@jmcreanelaw.com


DEFENDANTS,
REGALCARE MANAGEMENT GROUP, LLC,
FAIRFIELD HEALTH OF GREENWICH, LLC DBA REGALCARE OF GREENWICH, AND
FAIRVIEW HEALTH OF SOUTHPORT, LLC DBA REGALCARE OF SOUTHPORT

Dated:   August 27, 2018

By:     /s/ Patrick M. Noonan
        Patrick M. Noonan, Esq. CT00189
        Donahue, Durham & Noonan, P.C.
        741 Boston Post Rd.
        Guilford, CT 06437
        *Counsel for Defendants*